UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20052-CR-MOORE/SIMONTON

UNITED STATES OF AMERICA

vs.

LUIS SALOM,

           **Defendant.**    /

## PLEA AGREEMENT

The United States of America and LUIS SALOM (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to the single Count of the Information filed against him, which count charges that the defendant fraudulently and wrongfully affixed and impressed the seal of a department and agency of the United States, that is, the seal and logo of the United States Department of Agriculture ("USDA"), to and upon a certificate, document, and paper, that is, a Certificate of Human Consumption purportedly issued by the USDA Agricultural Marketing Service.

2. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory

guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense(s) identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the court may impose a statutory maximum term of imprisonment of up to 5 years with respect to the charge against him, followed by a term of supervised release of up to 3 years. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $250,000, or the greater of twice the pecuniary gain or loss arising under the relevant conduct, and may order restitution.

4. The defendant further understand and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5. The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that the court make the following findings and conclusions as to the sentence to be imposed:

    a.     <u>Base Offense Level:</u> Pursuant to Section 2B1.1(a)(2) of the Sentencing Guidelines, the base offense level in this matter is Level 6.

    b.     <u>Specific Offense Characteristics:</u> Pursuant to Section 2B1.1(b)(1)(D) of the Sentencing Guidelines, defendant's base offense level should be increased by +6 levels because the relevant conduct involved an intended gain of more than

    $30,000.00 but less than $70,000.00 in retail fair market value. the offense was committed for pecuniary gain.

 c. <u>Chapter Three, Part B Adjustment</u>: Defendant should receive neither an increase nor a decrease in his offense level pursuant to Section 3B1.2(b).

 e. <u>Guideline range</u>: That the applicable guideline range for the Count 1 offense committed by the defendant is Level 12.

6. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States agrees that it will recommend at sentencing that the court reduce the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines by -2 levels, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility, resulting in a Total Adjusted Offense Level of 10. The United States further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the Court. However, the United States will not be required to make this sentencing recommendation if the defendant: (1) fails or refuses to make full, accurate, and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or

making false statements or misrepresentations to any governmental entity or official.

8. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

9. The defendant is further aware that Title 18, United States Code, Section 3742 would normally afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings of the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the advisory guideline range that the court establishes at sentencing. Subject to the preceding provision, this appeal waiver includes a waiver of the right to appeal the sentence on the ground that under the advisory Sentencing Guidelines range determined by the court, the sentence imposed in this case is not a reasonable sentence. The defendant further understands that nothing in this agreement shall

affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case was knowing and voluntary.

10. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 2/11/11

By: _____
Thomas A. Watts-FitzGerald
Assistant States Attorney

Date: 2/11/11

By: _____
GEORGE D. CHOLAKIS, ESQ.
ATTORNEY FOR DEFENDANT

Date: 2/11/11

By: _____
LUIS FERNANDEZ, ESQ.
ATTORNEY FOR DEFENDANT

Date: 2/11/11

By: _____
LUIS SALOM
DEFENDANT

5