UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  11-20052-CR-MOORE/SIMONTON

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**LUIS SALOM,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE was referred to the undersigned Magistrate Judge by the Honorable K. Michael Moore, United States District Judge, to conduct a proceeding for acceptance of a guilty plea by Defendant LUIS SALOM (DE # 2).  Based upon the change of plea hearing conducted on February 11, 2011, this Court makes the following findings and recommends that the guilty plea be accepted.

    1.  On February 11, 2011, this Court convened a hearing to permit the Defendant to enter a change of plea in the aforementioned matter.  At the outset of the hearing, this Court advised the Defendant of his right to have these proceedings conducted by the District Judge assigned to the case.   Further, this Court advised the Defendant that this Court was conducting the change of plea hearing pursuant to an Order of Reference from the District Court and at the request of the Defendant, the Defendant's attorney and the Assistant United States Attorney assigned to this case.  This Court further advised the Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning the Defendant's sentence and would conduct a sentencing hearing at a time set by the District Court.

    2.  This Court advised the Defendant that he did not have to permit the

undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by a United States District Judge. The Defendant, the Defendant's attorney and the Assistant United States Attorney all consented on the record to this Court conducting the change of plea hearing.

3. This Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4. There is a written plea agreement which has been entered into by the parties in this case. This Court reviewed that plea agreement on the record and the Defendant acknowledged that he understood each term of the plea agreement and that he had signed the plea agreement. This Court also made certain that the Defendant was aware of the maximum sentence which could be imposed in this case pursuant to that plea agreement and the applicable statutes, as well as restitution

5. The Defendant, having waived his right to proceed by way of Indictment, pled guilty to the one-count Information, which charges him with fraudulently and wrongfully affixing and impressing the seal and logo of the United States Department of Agriculture ("USDA") on a Certificate of Human Consumption purportedly issued by the USDA Agricultural Marketing Service, in violation of Title 18, United States Code, Section 1017. The Defendant agreed to waive his right to appeal the sentence imposed unless that sentence exceeds the statutory maximum or the guideline range established by the Court at sentencing; or unless the Government appeals the sentence imposed.

6. To set forth the factual basis for the entry of the plea, the Government read a Factual Proffer into the record at the change of plea hearing. This statement of facts established all of the essential elements of the crime to which the Defendant is pleading guilty. The Defendant acknowledged that the statement of facts was accurate. The

Court advised the Defendant that there is a maximum potential sentence of up to 5 years of imprisonment; followed by a term of supervised release of up to three years; a fine of up to the greater of $250,000.00 or twice the pecuniary gain or loss arising from the relevant conduct, restitution; and, a mandatory special assessment of $100.  The Defendant acknowledged that he understood the possible maximum penalties which could be imposed in his case.

7.  Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that the Defendant is fully competent and capable of entering an informed plea, that the Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.  In addition, the undersigned specifically finds that the Defendant's waiver of his right to appeal his sentence in this case is knowing and voluntary.  Therefore, this Court recommends that the Defendant be found to have freely and voluntarily entered his guilty plea to the sole count of the Information filed in this case, as more particularly described herein, and that the Defendant be adjudicated guilty of that offense.

8.  A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office; and, a sentencing hearing has been set for April 28, 2011, at 2:00 p.m., before the Honorable K. Michael Moore,  United States District Judge. The Defendant remains on bond pending sentencing.

Therefore, it is hereby

**RECOMMENDED** that Defendant LUIS SALOM's plea of guilty be accepted, that the Defendant be adjudicated guilty of the offense to which he has entered his plea of guilty and that a sentencing hearing be conducted for final disposition of this matter.

The parties will have fourteen calendar days from the date of service of this Order within which to file written objections, if any, for consideration by the United States District Judge to whom this case is assigned. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** in Miami, Florida, on February 22, 2011.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished via CM/ECF to:
Hon. K. Michael Moore, U.S. District Judge
All Counsel of Record
U. S. Probation Office
U. S. Marshal